**FILED**

MAY 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Valerie Kline, *pro se* )
P.O. Box 321 )
Lothian, MD 20711 )
301 509 2684 )
        Plaintiff )
)
     v. )
)
Seth M. Williams )
2606 13th Street, )
2610 13th Street, or )
9880 W 16th Street )
Winthrop Harbor, IL 60096 )
)
Steven C. La Londe )
Anne La Londe )
9300 E. Evergreen Avenue )
Solon Springs, WI 54873-0117 )
)
        Defendant(s) )

CASE NUMBER 1:05CV01102

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 5/27/2005

### COMPLAINT FOR COPYRIGHT INFRINGMENT, FALSE LIGHT, LIBEL & SLANDER, CONSPIRACY, THREATS, HARASSMENT AND INTIMIDATION

  Come now the Plaintiff, who then was and ever since has been a citizen of the United States and resident of the State of Maryland.

  This Court has jurisdiction under title 28, part IV, chapter 85, Section 1332 of the U.S. Code. The nature of this action is copyright infringement and other tortuous acts.

### STATEMENT OF CLAIM

1. In or about the fall of 2002, Plaintiff created and caused to be made several self-portrait pictures in an electronic .jpg format.

2

2.  Shortly thereafter, Plaintiff fixed these pictures on canvas and signed them, which constituted a tangible medium of expression as described in sec. 101 of Title 17 United States Code, Copyright Law of the United States, Chapter 1.

3.  These pictures, constituting a wholly original work of authorship and visual work of art as defined by 17 USC Chapter 1 Sec. 101, are copyrightable subject matter under 17 USC Chapter 1 Sec. 101.

4.  Under the Visual Artists Rights Act of 1990 (Pub. L. No. 101-650, 104 Stat. 5089, 5128), a work of visual art is automatically protected by copyright when a created work is fixed in a copy for the first time. Neither registration in the U.S. Copyright Office nor publication is required for copyright protection.

5.  As the owner of the visual works art, Plaintiff has the exclusive right to make copies, prepare derivative works, to sell or distribute copies and to display the work publicly.

6.  Sometime between October 2003 and January 2004, Plaintiff electronically transmitted several of the works in .jpg format to Defendant Williams while chatting with him on AOL's Instant Messenger and/or emailing them to him at israelect@aol.com after obtaining assurances from him that he would not divulge or distribute the works.

7.  On or before July 20, 2004, based on information and belief, Defendant Williams then transferred Plaintiff's copyrighted works to Defendants Steven and Anne La Londe.

8.  Based on information and belief, Defendants modified the works by disfiguring and distorting them in violation of 17 USC Chapter 1 Sec. 106A using a computer software program, such as Photoshop, Paint or Picture-It capable of modifying .jpg files.

2

9. On or about July 20, 2004, based on information and belief, Defendants Steven and Anne La Londe created a Yahoo! Inc. ("Yahoo") email account with a corresponding Yahoo webpage that impersonated Plaintiff titled, "valerie_lily_etc" and published Plaintiff's self-portrait work of visual art that had been distorted and disfigured on that webpage.

10. Under Yahoo policy, anyone submitting or making available for inclusion on publicly accessible areas of Yahoo Groups grants Yahoo the world-wide, royalty free and non-exclusive license(s) to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such content on the service. The act of submitting a work of art on Yahoo's server constitutes publication of that work as defined by 17 USC Chapter 1 Sec. 101.

11. By creating a website on Yahoo's server impersonating Plaintiff that contained Plaintiff's work of visual art that had been distorted and modified, Defendants published Plaintiff's work in violation of 17 USC Chapter 1 Sec. 106, defamed Plaintiff and portrayed Plaintiff in a false light.

12. The Yahoo website impersonating Plaintiff also displayed personal information about Plaintiff, including Plaintiff's age, gender, location and marital status, referred to Plaintiff as a "mad cow" and contained other derogatory comments that defamed Plaintiff's character, including "Occupation: male hunter, 13-25 y/o only need apply, Hobbies: showing my body, blurry pics of course" and "Latest News: I have a real life bf now, don't need my rubber doll no mo" and "Favorite Quote 'Im not an internet slut!!!"

13. On approximately July 20, 2004, based on information and belief, Defendant Williams posted a link to the 'valerie_lily_etc' Yahoo profile along with the

3

corresponding modified work of visual art in Plaintiff's Live Journal Inc. (LJ) account together with the comment that "Val, you are turning into a Pinnochio OMG !!! better stop lying so much!!!!!"

14. On approximately July 10, 2004, based on information and belief, Defendants La Londe made derogatory and defamatory remarks toward Plaintiff in Plaintiff's LJ journal account, including:

> "am so sorry I forgot to add 'INTERNET SLUT' while I was berating you that one day. Grow up you stupid person! Poor Val, you are even more mentally sick than I thought, your dirty little mind cannot conceive of behaviour that is above yours, can it? you just cannot get your teeny little mind out of the gutter can you? Your arrogance is phenomenal and almost beyond belief. Is there any depth to which you will not stoop? what man would want a nasty vindictive female like you for a 'partner'?"

15. On July 20, 2004, based on information and belief, Defendants La Londe impersonated Plaintiff a second time by creating a LJ account called "valerielilyetc".

16. Defendants La Londe posted the Yahoo profile webpage entitled "valerie_lily_etc" as the individual represented in the "valerielilyetc" LJ account and listed the email address as valerie_lily_etc@yahoo.com , which also contained the copyrighted work belonging to Plaintiff that was disfigured and distorted.

17. The "valerielilyetc" LJ account exhibited a satanic theme that contained and publicly displayed many horrific pictures threatening to Plaintiff, including but not limited to, a drawing depicting Plaintiff being sacrificed on an altar and stabbed with a knife, a picture of a woman gagged and bound in chains in the nude, badly beaten and bruised with a caption that said, "this is me during one of our rituals", a drawing of a bloody face and a picture of a cow that had been burnt and charred, etc.

4

18. On July 20, 2004, based on information and belief, Defendants La Londe also posted a defamatory and degrading comment in a livejournal community called "White Beauty" using the "valerielilyetc" name, which stated,

> "Hi everybody! I'm Valerie! I just joined this community because I love white people so much. I love big black people too. I REALLY love **big black** people, if you know what I mean ::wink:: Anyway, I'm a Satanist but pretend to be a Christian Identity to scout for new hot young men. Tee Hee!" [Emphasis in original.]

19. On approximately July 21, 2004, based on information and belief, Defendant Williams, using the name "EnduringCracker" informed one or more people of the "valerielilyetc" LJ account on a voice chat program called Paltalk Inc.

20. Based on information and belief, Defendants also created the Paltalk account "Valerie_Lily_etc_etc", which contained Plaintiff's works of visual art.

21. Based on information and belief, in a public chatroom on Paltalk around Jan. 19, 2005, Defendant Williams, using the paltalk name of "EnduringCracker" accused Plaintiff of being a liar;

22. Based on information and belief, in a public chatroom on Paltalk around Jan. 19, 2005, Defendant Anne La Londe, using the Paltalk name of "BOHICA", accused Plaintiff of being a "kenite" and a liar.

23. Based on information and belief, in a public chatroom on Paltalk around Jan. 19, 2005, Defendant Steven La Londe, using the Paltalk name of "Gitchagumme" and/or "Millennium_Castles" accused Plaintiff of being a liar.

24. On or about April 16, 2005, Defendant Anne La Londe, using the email name of zharne@yahoo.com, transmitted several of Plaintiff's copyrighted portraits, along with Plaintiff's name, address and telephone number to one or more people over the internet.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates paragraphs 1 through 20 as it is fully stated herein.

26. Defendants infringed the rights of, and otherwise harm Plaintiff by willfully and maliciously distorting, disfiguring, mutilating and modifying Plaintiff's work of visual art; by publishing or causing it to be published on a Yahoo server without Plaintiff's knowledge or permission; by impersonating Plaintiff and by falsely representing the owner of the sites to be Plaintiff; by infringing Plaintiff's copyrights; and by violating Plaintiff's moral rights of attribution and integrity and to cause Plaintiff harm and suffering.

## COUNT II – CONSPIRACY, THREATS, HARASSMENT, AND INTIMIDATION

27. Plaintiff incorporates paragraphs 1 through 20 as it is fully stated herein.

28. Defendants agreed and conspired among themselves to infringe the rights of, and otherwise harm Plaintiff by willfully and maliciously distorting, disfiguring, mutilating and modifying plaintiff's work of visual art.

29. Defendants agreed and conspired among themselves to otherwise harm Plaintiff by publishing or causing to be published on renowned internet sites distorted, modified copyrighted pictures of Plaintiff.

30. Defendants agreed and conspired among themselves to otherwise harm Plaintiff by threatening Plaintiff, using many horrific drawings and pictures representing Plaintiff being sacrificed on an altar, stabbed with a knife, beaten, bruised, tortured, gagged and bound in the nude in chains, etc.

31. Defendants agreed and conspired among themselves to otherwise harm Plaintiff by mocking, belittling, reviling and berating Plaintiff in posting derogatory and defamatory comments in Plaintiff's LJ journal and other journals.

32. Defendants agreed and conspired among themselves to otherwise harm Plaintiff by creating a LJ account imitating and defaming Plaintiff, her reputation and honor and divulging Plaintiff's personal information.

33. Defendants agreed and conspired among themselves to otherwise harm Plaintiff by transmitting copies of Plaintiff's copyrighted self-portraits together with Plaintiff's full name, telephone number and address to various individuals over the internet.

34. Defendants' avowed intentions were to cause Plaintiff to publicly suffer a loss of honor and reputation; to destroy the business and property of Plaintiff, to violate Plaintiff's moral rights of attribution and integrity; to cause Plaintiff to suffer a loss of safety and security with the intended affect of discouraging Plaintiff from taking action against Defendants for their tortuous acts and by publishing or causing to be published those threatening communications in interstate commerce in violation of 18 USC 41.

35. Defendant Anne La Londe distributed the copyrighted works of together with Plaintiff's full name, telephone number and address to numerous people in order to embarrass, cause harm to, subject Plaintiff to danger, and otherwise jeopardize Plaintiff's health, safety and welfare.

## COUNT III – FALSE LIGHT

36. Plaintiff incorporates paragraphs 1 through 20 as it is fully stated herein.

37. Defendants agreed and conspired among themselves to cast Plaintiff in a false light by impersonating Plaintiff, defaming the character of, and distorting and disfiguring

7

or causing to be distorted and disfigured Plaintiff's self-portrait, visual work of art; by publicly publishing or causing to be published the disfigured and distorted work on renowned internet sites; by publicly making derogatory and defamatory statements about Plaintiff's character, religious beliefs, mental condition, and physical attributes over renowned internet sites; by portraying Plaintiff as a member of a satanic cult, having promiscuous behavior and unsound character over the internet on renowned internet sites; and by advertising those sites in Plaintiff's journal and other journals and heavily traveled internet sites.

30. Defendants' avowed intentions were to cause Plaintiff to publicly suffer a loss of honor and reputation; to portray her in a false light; to violate Plaintiff's moral rights of attribution and integrity; to destroy Plaintiff's business and property; and to cause Plaintiff to suffer a lack of safety and security and to cause Plaintiff harm and suffering.

### COUNT V – LIBEL, SLANDER AND DEFAMATION OF CHARACTER

31. Plaintiff incorporates paragraphs 1 through 20 as it is fully stated here

32. Defendants agreed and conspired to libel, slander, defame and otherwise harm Plaintiff by making slanderous and libelous remarks about Plaintiff on renowned internet sites" and in public forums and internet chat rooms.

33. Defendants' avowed intentions were to cause Plaintiff to publicly suffer a loss of honor and reputation; to destroy the business and property of Plaintiff, to violate Plaintiff's moral rights of attribution and integrity; to cause Plaintiff to suffer a loss of honor and reputation, to cause Plaintiff to suffer a loss of security and safety and to cause

to Plaintiff to fear that she may be bodily harmed, and to discourage Plaintiff from taking legal action against Defendants, and to cause Plaintiff harm and suffering.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays that this Court grant Plaintiff relief in the form of statutory damages in the amount of $150,000 pursuant to 17 USC Part 5 Chapter 41 Sec. 504 for copyright infringement; $100,000 for conspiracy, threats, harassment and intimidation; $100,000 for portraying Plaintiff in a false light; $100,000 for libel and slander; legal fees and other just and reasonable relief this Court deems appropriate.

Respectfully Submitted,

*Valerie Kline*

Valerie Kline, *pro se*
P.O. Box 321
Lothian MD 20711
301 509 2684

9