U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Valerie Kline, *pro se* ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:05CV01102 (HHK) |
| ) | |
| Seth M. Williams, *et al.* ) | |
| ) | |
| Defendant(s) ) | |
| ) | |

## AMENDED COMPLAINT FOR COPYRIGHT INFRINGMENT, FALSE LIGHT, CONSPIRACY, THREATS, HARASSMENT, INTIMIDATION, DEFAMATION, LIBEL AND SLANDER

Come now the Plaintiff, who then was and ever since has been a citizen of the United States and resident of the State of Maryland.

This Court has jurisdiction under title 28, part IV, chapter 85, Section 1332 of the U.S. Code. The nature of this action is copyright infringement and other tortuous acts.

### STATEMENT OF CLAIM

1. In or about the fall of 2002, Plaintiff created and caused to be made several self-portrait pictures in .jpg, .gif, .bmp and/or similar electronic formats.

2. Shortly thereafter, Plaintiff fixed these pictures on canvas for oil painting and signed them, which constituted a tangible medium of expression as described in sec. 101 of Title 17 United States Code, Copyright Law of the United States, Chapter 1.

3. These pictures, each constituting a wholly original work of authorship and visual work of art as defined by 17 USC Chapter 1 Sec. 101, are copyrightable subject matter under 17 USC Chapter 1 Sec. 101.

RECEIVED
JUL 1 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. Under the Visual Artists Rights Act of 1990 (Pub. L. No. 101-650, 104 Stat. 5089, 5128), a visual work of art is automatically protected by copyright when a created work is fixed in a copy for the first time. Neither registration in the U.S. Copyright Office nor publication is required for copyright protection.

5. As the owner of the visual works of art, Plaintiff has the exclusive right to make copies, prepare derivative works, to sell or distribute copies and to display the work publicly.

6. Sometime between October 2003 and January 2004, Plaintiff electronically transmitted some of her electronic copyrighted visual works of art to Defendant Williams while chatting with him on AOL's Instant Messenger, Paltalk chat program, and/or emailing them to him at israelect@aol.com after informing him that they were Plaintiff's visual works of art and obtaining assurances from him that he would not divulge nor distribute the works.

7. On or before July 20, 2004, based on information and belief, Defendant Williams transferred several if not all of Plaintiff's copyrighted works to Defendants Steven and Anne La Londe.

8. Based on information and belief, Defendants modified, disfigured and distorted at least one if not more of the works in violation of 17 USC Chapter 1 Sec. 106A using a computer software program, such as Photoshop, Paint or Picture-It capable of modifying electronic picture files.

9. On or about July 20, 2004, based on information and belief, Defendants Steven and Anne La Londe created a Yahoo! Inc. ("Yahoo") email account and website titled, "valerie_lily_etc" that impersonated Plaintiff and published on that site one of Plaintiff's

copyrighted self-portrait visual works of art in electronic format that had been modified, distorted and disfigured.

10. Under Yahoo policy, anyone submitting or making available for inclusion on publicly accessible areas of Yahoo Groups grants Yahoo the world-wide, royalty free and non-exclusive license(s) to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such content on the service. The act of submitting a work of art on Yahoo's server constitutes publication of that work as defined by 17 USC Chapter 1 Sec. 101.

11. By creating a website on Yahoo's server impersonating Plaintiff and including one of Plaintiff's copyrighted visual works of art that had been distorted, disfigured and modified Defendants "published" Plaintiff's copyrighted visual work of art.

12. The Yahoo website impersonating Plaintiff also displayed personal information about Plaintiff, including Plaintiff's age, gender, location and marital status, referred to Plaintiff as a "mad cow" and contained other derogatory comments that defamed Plaintiff's character and cast her in a false light, including:

> "Occupation: male hunter, 13-25 y/o only need apply, Hobbies: showing my body, blurry pics of course" and "Latest News: I have a real life bf now, don't need my rubber doll no mo" and "Favorite Quote 'Im not an internet slut!!!"

13. On approximately July 20, 2004, based on information and belief, Defendant Williams posted a link to the 'valerie_lily_etc' Yahoo profile along with the corresponding modified visual work of art in Plaintiff's Live Journal Inc. (LJ) account together with the comment:

> "Val, you are turning into a Pinnochio OMG !!! better stop lying so much!!!!!"

14. On approximately July 10, 2004, based on information and belief, Defendant La Londe made the following derogatory and defamatory remarks toward Plaintiff in Plaintiff's LJ account:

> "am so sorry I forgot to add 'INTERNET SLUT' while I was berating you that one day. Grow up you stupid person! Poor Val, you are even more mentally sick than I thought, your dirty little mind cannot conceive of behaviour that is above yours, can it? you just cannot get your teeny little mind out of the gutter can you? Your arrogance is phenomenal and almost beyond belief. Is there any depth to which you will not stoop? what man would want a nasty vindictive female like you for a 'partner'?"

15. On July 20, 2004, based on information and belief, Defendant La Londe impersonated Plaintiff again by creating a LJ account called "valerielilyetc".

16. Defendant La Londe posted the impersonated Yahoo profile webpage, entitled "Valerie_lily_etc", as the individual owning the "valerielilyetc" LJ account and listed the email address of valerie_lily_etc@yahoo.com that contained the modified, disfigured, and distorted copyrighted visual work of art belonging to Plaintiff.

17. The "valerielilyetc" LJ account exhibited a satanic site theme that contained and publicly displayed many horrific pictures threatening to Plaintiff, including but not limited to, a drawing depicting Plaintiff being sacrificed on an altar and stabbed with a knife, a picture of a woman gagged and bound in chains in the nude, badly beaten and bruised with a caption that said, "this is me during one of our rituals", a drawing of a bloody face and a picture of a cow that had been burnt and charred, etc.

18. The "valerielilyetc" LJ account also contained pictures of a Jewish family with captions that falsely stated that they were Plaintiff's family members although Plaintiff is Christian and not Jewish.

19. On July 20, 2004, based on information and belief, Defendant La Londe also posted the following defamatory and degrading comment in a LJ community called "White Beauty" using the "valerielilyetc" name:

> "Hi everybody! I'm Valerie! I just joined this community because I love white people so much. I love big black people too. I REALLY love **big black** people, if you know what I mean ::wink:: Anyway, I'm a Satanist but pretend to be a Christian Identity to scout for new hot young men. Tee Hee!" [Emphasis in original.]

20. On approximately July 21, 2004, based on information and belief, Defendant Williams, using the name "EnduringCracker" informed one or more people of the "valerielilyetc" LJ account in Paltalk Inc., a voice/text/video chat program.

21. Based on information and belief, Defendants also created a Paltalk Inc. account under the name "Valerie_Lily_etc_etc" that contained one of Plaintiff's copyrighted visual works of art on a Paltalk Inc. profile page.

22. Based on information and belief, around Jan. 19, 2005, Defendant Williams, using the Paltalk name of "EnduringCracker" accused Plaintiff of being a liar in a public chat room on Paltalk Inc. in front of numerous people that know or know of Plaintiff.

23. Based on information and belief, around Jan. 19, 2005, Defendant Anne La Londe, using the Paltalk name of "BOHICA", accused Plaintiff of being a "kenite" and a "liar" in a public chat room on Paltalk in front of numerous people that know or know of Plaintiff.

24. Based on information and belief, around Jan. 19, 2005, and on numerous other occasions, Defendant Steven La Londe, using the Paltalk name of "Gitchagumme" and/or "Millennium_Castles" accused Plaintiff of being a "liar" and "spreading filthy lies" in a public chat room on Paltalk in front of numerous people that know or know of Plaintiff.

25. On or about April 16, 2005, based on information and belief, Defendant Anne La Londe, using an email name of zharne@yahoo.com transmitted several of Plaintiff's copyrighted self-portrait visual works of art, along with Plaintiff's name, address and telephone number to one or more people over the internet, which was distributed to various members of Yahoo Groups in an attempt to prevent Plaintiff from joining various Christian Yahoo Groups.

26. On or before August 22, 2004, based on information and belief, Defendants impersonated Plaintiff and emailed Plaintiff's copyrighted, self-portrait, visual works of art to individuals that know or know of Plaintiff in an attempt to malign Plaintiff.

### COUNT I – COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates paragraphs 1 through 26 as it is fully stated herein.

28. Defendants infringed the rights of, and otherwise harmed Plaintiff by willfully and maliciously distorting, disfiguring and modifying Plaintiff's visual works of art; by publishing or causing to be published at least one if not more of Plaintiff's copyrighted visual work of art on a Yahoo server without Plaintiff's knowledge and/or consent; by impersonating Plaintiff and falsely representing the owner of the sites to be Plaintiff; by infringing Plaintiff's copyrights; and by violating Plaintiff's moral rights of attribution and integrity.

29. Defendants' avowed intentions were to cause Plaintiff harm and suffering, to publicly suffer a loss of honor and reputation; to destroy the business, avocation and property of Plaintiff; to violate Plaintiff's moral rights of attribution and integrity; and to cause Plaintiff to suffer a loss of safety and security with the intended affect of discouraging Plaintiff from taking legal action against Defendants for their tortuous acts.

## COUNT II – CONSPIRACY, THREATS, HARASSMENT AND INTIMIDATION

30. Plaintiff incorporates paragraphs 1 through 26 as it is fully stated herein.

31. Defendants agreed and conspired amongst themselves to infringe the rights of, and otherwise harm Plaintiff by willfully and maliciously distorting, disfiguring and modifying Plaintiff's copyrighted visual work of art.

32. Defendants agreed and conspired amongst themselves to otherwise harm Plaintiff by publishing or causing to be published on a renowned internet sites Plaintiff's copyrighted visual works of art that had been distorted, disfigured and modified.

33. Defendants agreed and conspired amongst themselves to otherwise harm by threatening Plaintiff, using many horrific drawings and pictures Plaintiff that depicted Plaintiff being sacrificed on an altar, stabbed with a knife, beaten, bruised, tortured, gagged and bound in the nude in chains, etc.

34. Defendants agreed and conspired amongst themselves to otherwise harm Plaintiff by mocking, belittling, reviling and berating Plaintiff with derogatory, slanderous, libelous and defamatory comments or statements made in Plaintiff's LJ journal, other journals, email, and public internet forums and chat rooms.

35. Defendants agreed and conspired amongst themselves to otherwise harm Plaintiff by creating a LJ account impersonating and defaming Plaintiff, her reputation and honor and divulging Plaintiff's personal information.

36. Defendants agreed and conspired amongst themselves to otherwise harm Plaintiff by emailing copies of Plaintiff's copyrighted self-portrait visual works of art together

with Plaintiff's full name, telephone number and address to various individuals over the internet.

37. Defendants' avowed intentions were to cause Plaintiff to publicly suffer a loss of honor and reputation; to destroy the business, avocation and property of Plaintiff; to violate Plaintiff's moral rights of attribution and integrity; to cause to Plaintiff to fear that she may be bodily harmed; to threaten Plaintiff for the purpose of discouraging Plaintiff from taking legal action against Defendants for their tortuous acts; and by publishing or causing to be published threatening communications in interstate commerce in violation of 18 USC 41.

38. Defendants distributed the copyrighted works of Plaintiff together with her full name, telephone number and address to numerous people in order to embarrass, cause harm to, subject Plaintiff to danger, and otherwise jeopardize Plaintiff's health, welfare, safety and security.

## COUNT III – FALSE LIGHT

39. Plaintiff incorporates paragraphs 1 through 26 as it is fully stated herein.

40. Defendants agreed and conspired among themselves to cast Plaintiff in a false light by distorting, modifying and disfiguring or causing to be distorted, modified and disfigured Plaintiff's self-portrait, visual work of art; by publishing the modified, disfigured and distorted work on renowned internet sites; by emailing Plaintiff's self-portrait visual works of art together with her name, address and telephone number to various individuals over the internet; by impersonating Plaintiff in a LJ account, posting comments in LJ communities under the impersonated LJ account and posting numerous horrific pictures under the impersonated LJ account; by and emailing Plaintiff's

8

copyrighted, self-portrait visual works of art to individuals over the internet; by impersonating Plaintiff in creating a Yahoo email and webpage account using Plaintiff's self-portrait, visual work of art that they modified, disfigured and distorted; and by impersonating Plaintiff in a Paltalk Inc. account that contained one of Plaintiff's copyrighted self-portrait visual works of art.

30. Defendants' avowed intentions were to portray Plaintiff in a false light; to cause Plaintiff to publicly suffer a loss of honor and reputation; to violate Plaintiff's moral rights of attribution and integrity; to destroy the business, avocation and property of Plaintiff; to cast aspersions on Plaintiff's character and morality; by impersonating Plaintiff and falsely presenting her as having a promiscuous behavior and unsound character; to cause Plaintiff to suffer a lack of safety and security; and to overall cause Plaintiff harm and suffering.

### COUNT IV – LIBEL, SLANDER AND DEFAMATION OF CHARACTER

31. Plaintiff incorporates paragraphs 1 through 26 as it is fully stated herein.

41. Defendants agreed and conspired amongst themselves to libel, slander, defame and otherwise harm Plaintiff by making false, slanderous, libelous, derogatory and defamatory statements and remarks about Plaintiff's character, race, religion, mental condition and physical attributes over renowned internet sites, in public internet forums and chat rooms; by modifying, distorting and disfiguring or causing to be modified, distorted and disfigured Plaintiff's self-portrait visual works of art; by publishing or causing to be published Plaintiff's copyrighted visual work of art that they modified, disfigured and distorted on renowned internet sites; by falsely portraying Plaintiff as a

9

member of a satanic cult, having promiscuous behavior and unsound character over the internet on renowned internet sites; and by advertising and promoting those sites in Plaintiff's journal, other journals, renowned internet sites, chatrooms and email.

32.   Defendants' avowed intentions were to cause Plaintiff to publicly suffer a loss of honor and reputation; to destroy the business, avocation and property of Plaintiff; to violate Plaintiff's moral rights of attribution and integrity; to cause Plaintiff to suffer a loss of honor and reputation; to cause Plaintiff to suffer a loss of safety and security; to cause to Plaintiff to fear that she may be bodily harmed; to discourage Plaintiff from taking legal action against Defendants; and to otherwise cause Plaintiff harm and suffering.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays that this Court grant Plaintiff relief in the form of statutory damages in the amount of $150,000 pursuant to 17 USC Part 5 Chapter 41 Sec. 504 for copyright infringement; $100,000 for conspiracy, threats, harassment and intimidation; $100,000 for portraying Plaintiff in a false light; $100,000 for libel, slander and defamation of character; legal fees and other just and reasonable relief this Court deems appropriate.

Respectfully Submitted,

*Valerie Kline*

Valerie Kline, pro se
P. O. Box 321
Lothian, MD 20711
(301) 509-2684

## CERTIFICATE OF SERVICE

I certify that a copy of the AMENDED COMPLAINT FOR COPYRIGHT INFRINGMENT, FALSE LIGHT, CONSPIRACY, THREATS, HARASSMENT, INTIMIDATION, DEFAMATION, LIBEL AND SLANDER was sent via first class mail on July 18, 2005, to the following:

Seth M. Williams
1229 Pennsylvania Avenue
Winthrop Harbor, IL 60096

Steven C. La Londe
11390 S. 4th Street
Solon Springs, WI 54873

Anne La Londe
11390 S. 4th Street
Solon Springs, WI 54873

Respectfully submitted,

*Valerie Kline*

Valerie Kline
P. O. Box 321
Lothian, MD 20711
(301) 509-2684