U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Valerie Kline, *pro se*          )
                                 )
              Plaintiff          )
                                 )
         v.                      )   Case No. 1:05CV01102 (HHK)
                                 )
Seth M. Williams, *et al.*       )
                                 )
              Defendant(s)       )
                                 )

**RESPONSE TO SHOW CAUSE ORDER**

On March 23, 2006, the Court issued a Memorandum Opinion and Order (the "Opinion") in this case ordering plaintiff to show cause why the Court has jurisdiction in this case.

The Court's Memorandum Opinion thoroughly set out the criteria for establishing jurisdiction under a two-part inquiry, the first being "whether personal jurisdiction would be proper under the District's long-arm statute" and, the second, "whether the exercise of personal jurisdiction would be consistent with the due process requirements of the Federal Constitution. *See GTE New Media Servs.*, 199 F.3d at 1350" (p. 5 of Opinion).

The Court cited the District's long-arm statute providing, in relevant part, that:

> "a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's …(4) causing tortuous injury in the District of Columbia if he [i] regularly does or solicits business, [ii] engaged in any other persistent court of conduct or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. CODE ANN. § 13-423(a).

RECEIVED
APR 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Accordingly, the Court held that plaintiff must,

> "make a prima facie showing that (1) she suffered tortuous injury in the District of Columbia; (2) the injury was caused by the defendant's act (or omission) outside of the District of Columbia; and (3) defendants had one of three enumerated contacts with the District of Columbia. *GTE New Media Servs.*, 199 F.3d at 1347" (pp. 5-6 of Opinion)

and that,

> "her argument may rest on pleadings, bolstered by such affidavits and other written materials as she can otherwise obtain." p. 3 of Opinion.

In response, plaintiff avers that she has suffered tortuous injury in the District of Columbia. As shown in the attached Affidavit of Valerie Kline (Ex. A), plaintiff works for the Office of Personnel Management (OPM), located at 1900 E Street, N.W., in the District of Columbia. Plaintiff further avers that the brunt of her injury has been felt in the District (*see* ¶¶ 3 & 36, Ex. A).

Plaintiff's Amended Complaint and affidavit allege that defendants distributed emails to individuals containing plaintiff's copyrighted pictures and photograph together with plaintiff's full name, address, and telephone number (*see* ¶ 25, Amended Complaint and ¶ 8, Ex. A). Plaintiff alleged that defendants created various web sites that contained plaintiff's copyrighted visual works of art, a picture of plaintiff, defamatory, threatening and personal information (*see* ¶¶ 9-16, Amended Complaint, ¶¶ 14 & 18 Ex. A). The pictures depicting plaintiff being stabbed with a knife, sacrificed on an alter, and depicting a woman naked, badly beaten, bruised, bound and gagged in chains was highly threatening to plaintiff that made her take extraordinary and precautionary measure to keep from being a target by her enemies (¶¶ 22, Ex. A).

By searching the Internet using plaintiff's full name, one can learn that plaintiff works at the OPM, a Federal agency located in Washington, D.C. (*See* ¶¶ 4 & 5, Ex. A.)

2

Plaintiff was concerned that by displaying her personal information in and on tortuous emails and web sites accompanied by defamatory information, this would encourage readers to harass and harm plaintiff, especially at her job, and in fact has caused plaintiff to suffer injury at her job (*see* ¶¶ 26-34, Ex A). This also alarmed plaintiff that the defendants would be able to find her at her work place and harm her (*see* ¶¶23, Ex. A).

Shortly after defendants created the web sites and distributed the emails, plaintiff began receiving annoying telephone calls to her workplace (*see* ¶ 11, Ex. A). She started to fear for her life since defendants were able to ascertain where plaintiff works (*see* ¶¶ 12 & 13, Ex. A), and she was concerned that defendants would try to sabotage her job, which now they have apparently done (*see* ¶¶ 35, Ex. A). Plaintiff also took extraordinary and precautionary measures going to and from work in order to keep from being target since she was concerned for her safety (*see* ¶¶ 22, Ex. A). Infringing plaintiff's copyrights, defaming plaintiff and subjecting plaintiff to harassment in the District caused plaintiff to suffer tortuous injury in the District of Columbia.

Second, tortuous injury was caused when defendants created web sites and email accounts using servers located outside of the District of Columbia. Yahoo Inc. ("Yahoo) is located in Sunnyvale, California, and Livejournal Inc. (LJ) is located in Aloha, Oregon (*see* ¶¶ 15 & 19, Ex. A). Utilizing Yahoo and LJ servers, defendants created web sites and sent emails containing plaintiff's copyrighted works of visual art that included pictures of plaintiff, personal information about plaintiff such as her full name[1], defamatory statements about plaintiff, and threatening pictures and drawings. By publishing personal and defamatory material about plaintiff, defendants intended to

---

[1] Defendants posted an old home address and a telephone number for plaintiff so there was no immediate threat that people would be able to find out where plaintiff lived but only where she worked.

3

inflame people against plaintiff, to promote harm to plaintiff, and at the very least to cause plaintiff to fear for her life. Defendants actions also caused plaintiff to be harassed on the job and caused a negative impact on plaintiff's mental and emotional health and well being to the extent that she felt she had to take enormous caution to protect herself when going to and from work (*see* ¶ 35, Ex. A).

Third, defendants had at least one of three enumerated contacts within the District of Columbia as required by *GTE New Media Servs.*, 199 F.3d at 1347. The Court held,

> "Rather, in order for a web site to constitute persistent conduct within the District, it must at the very least allow 'browsers to interact directly with the web site on some level.' *Blumenthal*, 992 F. Supp. at 56. Moreover, courts in the District have required at least some non-Internet related contacts between defendant and the forum in order to find 'persistent conduct.' *See Blumenthal*, 992 F. Supp at 57" p. 8 of Opinion

In meeting the first part of the requirement for establishing a "persistent conduct", the LJ site where defendants created lily_valerie_etc blog, is a 'highly interactive' site where individuals can create a "blog" that readers from all over the world can read and respond to entries posted on the blog.[2] As far as contacts between the District and the defendants, plaintiff believes that defendants placed, or caused to be placed, annoying telephone calls to plaintiff's office (*see* ¶ 11, Ex. A). Plaintiff avers that the telephone calls were non-Internet related contact and/or activity. Furthermore, plaintiff spoke to and/or received text messages on her cell phone from Defendant Williams while she was at work in the District (*see* ¶ 10, Ex. A).

In finding whether the exercise of personal jurisdiction would be consistent with the due process requirements of the Federal Constitution, plaintiff is required to show,

---

[2] As of 4-6-06, LJ claims it has 10, 005,899 journals and 268,207 posts in the last day (*see* Ex. B).

4

"'minimum contacts' between the defendant and the forum, ensuring that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' *International Shoe*, 326 U.S. at 316" (p. 9 of Opinion).

Quoting *Keaton*, supra, the Court went on to say,

"'so long as an actor's efforts are 'purposefully directed' toward the residents of another forum,' the Constitution's due process requirements are satisfied despite the absence of physical contacts. *Id*. at 476 (quoting *Keeton v. Hustler Magazine, Inc*. 465 U.S. 770, 774 (1984))" (pp. 9-10 of Opinion).

According to Merriam-Webster Dictionary, a "resident" can be one who is "serving in a regular or full-time capacity". Plaintiff avers that she serves in a regular and full-time capacity as a full-time employee with the OPM. Plaintiff also avers that defendants' acts were "purposefully directed" toward plaintiff. By creating defamatory web sites about plaintiff, and directing traffic to those web sites for the purpose of embarrassing, humiliating, mortifying and harming plaintiff, defendants have intentionally, willfully and "purposefully directed" their efforts at plaintiff. Furthermore, defendants had 'minimum contacts' with the District since they (1) directed their activity at plaintiff and plaintiff's work place in the District, and (2) had non-Internet contact with plaintiff and to plaintiff's work place located in the District.

Lastly, the Court stated,

"Under the so-called 'effects doctrine,' personal jurisdiction may rest upon '(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered – and which the defendant knows is like to be suffered – in the forum state.' *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1318 (9th Cir. 1998)" (p. 10 of Opinion).

Not only have defendants intentionally aimed their harm directly at plaintiff, the brunt of the injury suffered by plaintiff has been or will be felt in the District of Columbia since her job in the District is her primary source of income, means of support and livelihood

5

(*see* ¶¶ 36, Ex. A). No less important, defendants conducted their activity with the knowledge that such activity would cause harm to plaintiff in the District since readers of the web sites would be able to locate where plaintiff works and be able to harass or cause her harm where she works. By posting plaintiff's full name together with pictures of plaintiff and defamatory information about plaintiff, defendants willfully intended to inflame or incite people against plaintiff and facilitated the ability of readers to find plaintiff in the District where she works (*see* Ex. A) for the purpose of stalking and/or harming plaintiff. And, in fact, defendants made and/or caused to be made annoying telephone calls, if not complaints about plaintiff to her employers, that caused and is causing plaintiff to suffer stress, anxiety and fear at her work place (*see* ¶¶ 11 & 35, Ex. A).

    The Court further noted,

> "The fourth Circuit has formulated a three-part test that adeptly incorporated the principles delineated above: [A] State may, consistent with due process, exercise judicial power over a person outside the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714" (p. 11 of Opinion).

Plaintiff submits that this Court has judicial power over defendants consistent with Constitutional due process requirements cited in *ALS Scan, Id.* since defendants: (1) directed electronic activity into the District by utilizing a highly interactive web site, (2) with the manifested intent of interacting within the District by (a) directing its activity at plaintiff who works in the District and (b) facilitating the discovery of where plaintiff works by divulging plaintiff's full name to people over the Internet in conjunction with her copyrighted pictures, photograph and defamatory information intended to inflame or

incite people against plaintiff, and (3) that this activity has caused tortuous action in the District since plaintiff is suffering and has suffered harassment, emotional pain and suffering, stress, anxiety, threat of bodily harm and disruption of lifestyle in the District.

WHEREFORE, plaintiff requests that this Court find that its jurisdiction over the defendants is proper in this case.

Respectfully submitted

*Valerie Kline*, pro se
P. O. Box 321
Lothian, MD 20711
(301) 509-2684

STATE OF MARYLAND         :
                          TO WIT:
CITY/COUNTY OF <u>ANNE ARUNDEL</u>:

I HEREBY CERTIFY that on this 17th day of APRIL, 2006, the above-named Plaintiff, **Valerie Kline**, personally appeared before me and made oath in due form of law that the matters and facts set forth in the foregoing Agreement [with respect to the voluntary separation of the parties] are true and correct as therein stated and acknowledged that the said Agreement is in fact her voluntary act and deed and that she has full understanding thereof.

AS WITNESS my hand and Notarial Seal

NOTARY PUBLIC _____

My Commission Expires: _____

*My Commission Expires Aug 13, 2007*

7

Certificate of Service

I certify that I sent via regular mail on 4-17-06 a copy of the Response to Show Cause to:

        Seth M. Williams
        1229 Pennsylvania Avenue
        P. O. Box 122
        Winthrop Harbor, IL 60096

        The Estate of Steven C. La Londe
        P. O. Box 117
        11390 4th Street W.
        Solon Slprings, WI 54873

        Anne La Londe
        P. O. Box 117
        11390 4th Street W.
        Solon Springs, WI 54873

        Respectfully submitted,

        */s/ Valerie Kline*

        Valerie Kline
        P. O. Box 321
        Lothian, MD 20711
        (301) 509-2684