UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE,<br><br>                Plaintiff,<br><br>    v.<br><br>SETH M. WILLIAMS, et al.,<br><br>                Defendants. | Civil Action 05-01102 (HHK) |

**O R D E R**

Valerie Kline brings this action against Seth M. Williams, Ann La Londe, and the estate of Steven La Londe (collectively, "defendants") for (1) copyright infringement; (2) conspiracy, threats, harassment, and intimidation; (3) false light; and (4) libel, slander, and defamation of character. Defendants are in default, and Kline seeks $450,000 in damages. On February 24, 2006, the court cancelled an evidentiary hearing on damages, announcing that it was concerned that it might not have personal jurisdiction over defendants. The court notified Kline, who is proceeding *pro se*, of a forthcoming opinion that would give her guidance on how to proceed. On March 21st, Kline submitted a motion to file a supplemental pleading.[1] Two days later, on March

---

[1] The motion was captioned "Motion to Amend Complaint," but it described "occurrences or events which have happened since the date of the pleading sought to be supplemented," FED. R. CIV. P. 15(d), rather than changes to the original complaint, which Kline has already amended once as a matter of course. This mislabeling is "not of any significance and do[es] not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504, at 184 (2d ed. 1990); *see Montgomery Envtl. Coal. v. Fri*, 366 F. Supp. 261, 265 (D.D.C. 1973) ("The erroneous characterization of the [supplemental] pleading as an 'amended complaint' is immaterial."). The court will therefore treat it as a motion to file a supplemental pleading.

23rd, the court issued the aforementioned opinion, which ordered Kline to show cause as to the basis for the court's exercise of personal jurisdiction over defendants. Kline submitted a "Response to Show Cause Order" on April 17th. Consequently, she has two filings pending before the court. The court grants Kline's motion to file a supplemental pleading and defers a determination of its personal jurisdiction over defendants until after consideration of the new pleading.

Motions to file supplemental pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action.'" *Hall v. Cent. Intelligence Agency*, 437 F.3d 94, 100 (D.C. Cir. 2006) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504, at 186–87 (2d ed. 1990)). Granting the motion in this case will not prejudice defendants (who are absent) or cause undue delay. To the contrary, the court believes that the details[2] of this supplemental pleading may be apposite to a determination of the court's personal jurisdiction over defendants.[3] Therefore, granting Kline's motion will facilitate the

---

[2] Although Kline did not attach a proposed supplemental pleading, the motion—and the affidavit attached to the "Response to Show Cause Order"—indicate that she intends to add a new cause of action arising from a defamatory website that defendants allegedly created in March 2006. "Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice the rights of the adverse party." *Aftergood v. Cent. Intelligence Agency*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002) (citing *Montgomery*, 366 F. Supp. at 265–66).

[3] Rule 15(d) expressly permits the court to accept supplemental pleadings "even though the original pleading is defective in its statement of a claim for relief or defense." FED. R. CIV. P. 15(d).

efficient disposition of the entire controversy between the parties.[4]

For the foregoing reasons, it is hereby **ORDERED** that Kline's motion to file a supplemental pleading is **GRANTED**. Kline shall have until July 21, 2006, to file a supplemental pleading, which need not incorporate (and thereby displace) her amended complaint.

                                                  Henry H. Kennedy, Jr.
                                                  United States District Judge

Dated: July 3, 2006

---

[4] If the court were to dismiss the complaint for lack of personal jurisdiction, based solely on the original, un-supplemented complaint, Kline could simply file a new complaint that included the original allegations plus the allegations that she has moved to add here. To "requir[e] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicate[ ] he ha[s] a right to relief [is] inconsistent with the philosophy of the federal courts," WRIGHT ET AL., § 1505, at 190, as well as an inefficient use of judicial resources. *See also Cape v. Maur*, 932 F. Supp. 124, 125 (D. Md. 1996) (deferring adjudication of personal jurisdiction until after the submission of supplemental pleadings).