UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE,<br><br>    Plaintiff,<br><br>    v.<br><br>SETH M. WILLIAMS, et al.,<br><br>    Defendants. | Civil Action 05-01102 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Valerie Kline brings this action against Seth Williams, Anne La Londe, and the estate of Steven La Londe (collectively, "defendants") for (1) copyright infringement; (2) conspiracy, threats, harassment, and intimidation; (3) false light; and (4) libel, slander, and defamation of character. Defendants are in default, and Kline seeks $1,320,000 in damages. On March 23, 2006, the court ordered Kline to show cause as to the basis for the court's exercise of personal jurisdiction over defendants. In response, Kline has submitted various papers and a supplemental pleading. Upon consideration of Kline's response and the record of the case, the court concludes that it lacks personal jurisdiction over defendants and the case must be dismissed.

**I.  BACKGROUND**

The facts underlying this action as alleged by Kline are as follows. In the Fall of 2002, Kline created several copyrighted works of art by making digital images of herself on her computer and then affixing the images to canvas for oil painting. Approximately one year later,

she transmitted digital copies of some of these self-portraits to Williams, after obtaining assurances from him that they would not be divulged or distributed.  Sometime thereafter, Williams transferred some or all of these images to Steven and Anne La Londe.

In July 2004, the La Londes created two hosted web pages—one on Yahoo! and one on LiveJournal[1]—purporting to be authored by Kline.  On the Yahoo! page, the La Londes posted "modified, distorted and disfigured" versions of Kline's self-portraits, Am. Compl. ¶ 9, as well as personal information and derogatory comments about her.  The LiveJournal page "exhibited a satanic site theme," *id.* ¶ 17, and contained comments and pictures that were derogatory and threatening to Kline.  Around this same time, the La Londes also posted derogatory comments about Kline on a LiveJournal community web page and on Kline's own LiveJournal page.  In January 2005, all three defendants separately made derogatory comments about Kline in a public chat room that included individuals with whom Kline was acquainted.  In April 2005, Anne La Londe electronically transmitted Kline's self-portraits and personal information to one or more people in order to prevent Kline from joining various Christian user groups on Yahoo!.

Between March and May of 2006, Anne La Londe created four other websites that contained copyright-infringing digital images, as well as language that was threatening and defamatory towards Kline.  At least one of these websites listed Kline's work address and telephone number—at the Office of Personnel Management ("OPM") in the District of Columbia—and encouraged readers to call and complain about Kline.  This provocation resulted in Kline being placed on administrative leave and investigated by the Office of the Inspector

---

[1] LiveJournal is a website that provides its members with their own webpages, where they can post comments and images, and where readers can post responses to members' comments.

General, after an unknown person or people called OPM and repeated an allegation (about Kline's supposed desire to bring assault rifles into D.C.) that had been made on La Londe's website. Kline also personally received harassing and threatening phone calls and text messages at work, including several from Williams.

On May 27, 2005, Kline brought this action. Defendants have failed to file a response and as a result are in default.

## II. STANDARD OF REVIEW

Although a court does not typically raise the issue of personal jurisdiction *sua sponte*, when a defendant is in default the court "should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). In such circumstances, the plaintiff retains the burden of proving personal jurisdiction, but can satisfy that burden with a prima facie showing. *Id.* at 7; *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 426 (D.C. Cir. 1991).

"[T]o establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court. Rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Mwani*, 417 F.3d at 7. However, a plaintiff must present facts that allow the court reasonably to conclude that it may exercise personal jurisdiction over the absent defendants. Mere "[c]onclusory statements do not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction." *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000) (alterations and citations omitted).

## III.  DISCUSSION

Where, as here, the court has subject matter jurisdiction because of diversity of citizenship of the parties, "the court's personal jurisdiction over nonresident defendants depends upon state law, here the law of the District of Columbia, the application of which is subject to the constraints of constitutional due process." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002).  The court therefore must first determine whether personal jurisdiction would be proper under the District's long-arm statute.  If such a finding is made, it must then determine whether the exercise of personal jurisdiction would be consistent with the due process requirements of the U.S. Constitution.  *See GTE*, 199 F.3d at 1350.  Because the court concludes that defendants' contacts with the District are insufficient to meet D.C.'s long-arm statute, it does not consider the constitutional question.[2]

> The District's long-arm statute provides, in relevant part, that
>
> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. CODE ANN. § 13-423(a)(4).  Accordingly, to satisfy this provision, Kline must make a prima facie showing that: (1) she suffered tortious injury in the District of Columbia; (2) the injury was

---

[2] Personal jurisdiction "over *each* defendant is indispensable to in personam actions." *Lamont v. Haig*, 590 F.2d 1124, 1129 (D.C. Cir. 1978) (internal citations omitted) (emphasis added).  However, because the court concludes that, even taken in aggregate, defendants' contacts with the forum are insufficient to establish personal jurisdiction, the court assumes *arguendo* that every allegation is attributable to each defendant and therefore need not analyze personal jurisdiction over each defendant separately.

caused by defendants' acts or omissions outside the District of Columbia; and (3) defendants had one of three listed "plus factors." *GTE*, 199 F.3d at 1347. Because Kline has not suggested that defendants do or solicit business here, or derive any revenue whatsoever from contacts with the District, the court focuses on whether defendants engaged in a persistent course of conduct in the District.

As the D.C. Circuit has explained, subsection (a)(4) of the long-arm statute is more restrictive than the outer boundary set by the U.S. Constitution; it does not "occupy all of the constitutionally available space." *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). The "plus factor" that it requires "serve[s] to filter out cases in which the inforum impact is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum." *Id.* at 763. And while the "plus factor"—here, a persistent course of conduct—may be completely unrelated to the claim in suit, *id.*, it is mandatory that the course of conduct take place *in the District*. *Tavoulareas v. Comnas*, 720 F.2d 192, 194 (D.C. Cir. 1983). It is in this regard that Kline's allegations fall short.

Although Kline has made a prima facie showing as to the first two components of the long-arm statute—by alleging that she feared for her life while at work and was placed on administrative leave as a result of defendants' harassment and defamation—she has not alleged (beyond mere conclusory statements) that defendants have engaged in any persistent course of conduct in the District. Kline's pleadings allege many tortious acts by defendants, all conducted either online or over the telephone, without ever suggesting that defendants have done anything whatsoever in the District itself. *See* Pl.'s Res. at 4 (stating that defendants have engaged in a persistent course of conduct by creating websites and placing phone calls). Although placing a

series of harassing phone calls to Kline or her supervisors might constitute a persistent course of conduct, it does not constitute "a persistent course of conduct *in the District*," as the statute requires. *Id.* (emphasis in original); *see also Burman v. Phoenix Worldwide Industries, Inc.*, No. 04-1276, WL 1888960, at *8 (D.D.C. Jul. 7, 2006) (finding that, under *Tavoulareas*, "approximately 1,326 phone calls to the District of Columbia does not constitute a persistent course of conduct *in* the District of Columbia for section 13-423(a)(4) purposes."). Likewise, "the ability of District residents to access the defendants' websites . . . does not by itself show any persistent course of conduct by the defendants in the District." *GTE*, 199 F.3d at 1349. As the D.C. Circuit explained in *GTE*, "[a]ccess to a website reflects nothing more than a telephone call by a District resident to the defendants' computer servers . . . [which] does not constitute persistent conduct 'in the district' within the meaning of the long-arm statute." *Id.* at 1349–50.

Because defendants phone- and Internet-based actions are insufficient to constitute a persistent course of conduct in the District, and because Kline has not alleged any other contacts between defendants and the District, the court concludes that it lacks personal jurisdiction over defendants pursuant to D.C.'s long-arm statute.[3]

---

[3] The court is cognizant of the fact that defendants' absence "counsels greater flexibility toward [Kline] because it impedes [her] ability to obtain jurisdictional discovery." *Mwani*, 417 F.3d at 7. But while the principle of "greater flexibility" may prompt the court to permit a plaintiff to meet her burden by presenting fewer or vaguer facts than would otherwise be acceptable, it does not prompt the court to *remove* her burden by creating or assuming a "persistent course of conduct" where none has been alleged.

## IV.  CONCLUSION

For the aforementioned reasons, the court concludes that the complaint must be dismissed for lack of personal jurisdiction.  An appropriate order accompanies this memorandum opinion.


                                                            Henry H. Kennedy, Jr.
                                                            United States District Judge
Dated: August 8, 2006