## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Valerie Kline, *pro se*      )
                                            )
                       Plaintiff  )
                                            )
                           v.       )      Case No. 1:05CV01102 (HHK)
                                            )
Seth M. Williams, *et al.*       )
                                            )
                  Defendant(s)  )
                                            )

## MOTION FOR RECONSIDERATION

The Court dismissed the subject case for lack of personal jurisdiction over the defendants. Plaintiff requests that the Court reconsider its decision to dismiss the case in light of new information. On July 3, 2006, the Court granted plaintiff's Motion to file a Supplemental Pleading and gave the plaintiff 18 days to file the additional pleading. Para. 19 of the Supplemental Pleading states,

> "Plaintiff called and learned from the OIG that an anonymous complaint from someone outside the agency was made against plaintiff that necessitated an investigation."

Since filing the Supplemental Pleading, plaintiff has been able to obtain a redacted copy of the anonymous complaint from Office of Personnel Management (OPM). The complaint reveals that it was sent by Defendant Anne LaLonde in an email to OPM where plaintiff works. Although the anonymous complaint doesn't show defendant La Londe's name, it contains a link to one of the websites

RECEIVED

AUG 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

created by La Londe and the author says that this is one of the websites she made about the plaintiff thus revealing the identity of the author of the email. *See* Attachment A.

The Court found that plaintiff met all of the criteria for establishing that the Court has jurisdiction except for one.  The Court ruled that plaintiff did "not allege that (beyond mere conclusory statements) that defendants have engaged in any persistent course of conduct *in the District*."  The Court held that it is mandatory that the course of conduct take place *in the District* citing *Tavoulareas v. Comnas*, 720 F.2d 192 194 (D.C. Cir 1983).  The Court therefore ruled that plaintiff's allegations fall short in meeting the persistent course of conduct requirement necessary for establishing jurisdiction because numerous telephone calls and access to a website does not constitute persistent conduct 'in the district' within the meaning of the long-arm statute. Plaintiff admits that the telephone calls, emails and access to websites may not have been conducted 'in the district' but they were aimed *at the district*.  In light of the following, plaintiff believes that defendants' persistent course of conduct aimed *at the district* should suffice:

> Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. . . . [I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Inamed Corporation, et al. v. Lubomyr I. Kuzmak, 249 F.3d 1356 (Fed. Cir. 2001),

Although the *Inamed* case concerns commercial activities, the plus factors were developed for establishing jurisdiction when the tortuous act occurs outside the

district. Therefore, the same standard should apply for all of the plus factors whether soliciting business in, deriving revenue from or engaging in a persistent course of conduct in the district. Defendants engaged in a persistent court of conduct 'purposefully directed' toward the district via email, telephone calls and highly interactive website. For this reason, defendants should be aware that their actions 'purposefully directed' toward the district could cause them to be haled into court in that forum. Thus, plaintiff believes the requirement for meeting jurisdiction has been satisfied.

In the event the Court still finds that jurisdiction has not been established, plaintiff requests that the Court transfer this case to the Maryland District Court, Greenbelt Division, in lieu of dismissing the case pursuant to Fed Rules of Civil Procedure, Rule F (9) Venue Transfer, which reads in pertinent part,

> (9) ***if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. ***

Since plaintiff is a resident of Maryland, Am Cmpt., this case could have been brought in the Maryland. Given the cost and time factors in re-litigating this case, not to mention the accessibility of the defendants in that one of the defendants is now deceased, plaintiff believes that it is in the interest of justice to transfer this case to the Maryland District Court as that Court has jurisdiction over the defendants based on Maryland's Long Arm Statute pertaining to "Computer Information".

Maryland's Long Arm Statute, contained in the Courts and Judicial Proceedings Article of the Annotated Code, §6-103, reads,

3

(a) *Condition.* If jurisdiction over a person is based solely upon this section, he may only be sued on a cause of action arising from any act enumerated in this section.

(b) *In general.* A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

\*\*\*\*\*

(c) *Applicability to computer information and computer programs.* – \*\*\*

(2) The provisions of this section apply to computer information and computer programs in the same manner as they apply to goods and services. [Emphasis added.] \*\*\*

Accordingly, in lieu of dismissing the case, plaintiff requests that this

Court transfer the case to the Maryland District Court.

Respectfully Submitted,

Valerie Kline, pro se
P. O. Box 321
Lothian, MD 20711
(301) 509-2684

4

*Attachment A*

**Sent:** Wednesday, March 29, 2006 8:56 PM
**To:** egov@opm.gov
**Subject:** Complaint about a Federal Govt.Employee

I am not sure if this is the correct place to send a complaint about a Federal Government employee to. Please return this email to me if your office does not handle such matters. If you could re-direct me to the correct email address I would be very grateful.

Thank You

To whom it may concern.

I wish to complain in the stongest possible tems about a person employed by your office who appears to spend copious amounts of her work time attending to her own personal affairs online.

This person is named Valerie Kline and the only address I have for her is a post office box. The details are as follows...

Valerie Kline
PO Box 321
Lothian Md 20711
PH. (301) 509-2684

Kline is a rabid Christian Identity adherent who has several websites. The purpose of these website seems to be mainly to harass people, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓and ▓▓have both witnessed Kline adding data to her website at times which would be during working hours. It also appears that she uses a government, taxpayer funded computer to conduct her campaigns of harassment too. This is surely a blatant abuse of her position as a public servant

I have also made a report to the FBI as I was given information that Kline was trying to procure weapons and ammunition through someone she knows online. This person REFUSED to comply with her request as he knew of the penalties for bringing weapons and ammunition into Washington.

EXHIBIT N
PAGE 1 OF 2

7/10/2006

Below are links to her main website and her other sites where she apparently spends quite a good deal of work time posting things. If you follow the links on her main website you will see that she has her own 'online identity court' as she calls it. The purpose of this 'court' seems to be simply to continually harass people, ~~█████████████████~~ It also appears that she spends a lot of time on a website called Live Journal, she seems to have had an account with them for a few years. (link below)

Most week nights and weekends she is online in Paltalk using the nicknames Purelily or Valerie or Lily and possibly others that I am not aware of. There is no possible way she could spend this much time online in her own time as I certainly couldn't do it all and I do not even work!

**Kline is simply defrauding the American taxpayer and using taxpayer funds to harass them. Something really needs to be done about this person as it is my firm belief that she has the potential to be very dangerous.**



Kline is also a racist and posts comments on the Stormfront White Nationalist forum.

Sincerely

http://study.faithweb.com/  Kline's main website.

http://www.encyclopediadramatica.com/index.php/Lilmisother ....Kline harasses a

young girl on this website.

http://community.livejournal.com/hood_of_israel/

http://community.livejournal.com/anthropologist/379392.html

http://www.stormfront.org/forum/search.php?searchid=1491288 ...Stormfront White

Nationalist forum

http://www.geocities.com/purevilily_an_expose  This is my website exposing Kline.

*********************************************************************

EXHIBIT
PAGE _____ OF ___

Certificate of Service

I certify that I sent via first class mail on August 24, 2006, a copy of the Motion for Reconsideration to:

Seth M. Williams
1229 Pennsylvania Avenue
P. O. Box 122
Winthrop Harbor, IL  60096

The Estate of Steven C. La Londe
c/o Beverly LaLonde (his mother)
P. O. Box 117
11390 4th Street W.
Solon Springs, WI  54873

Anne La Londe
P. O. Box 117
11390 4th Street W.
Solon Springs, WI  54873

Respectfully submitted,

Valerie Kline
P. O. Box 321
Lothian, MD  20711
(301) 509-2684