UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE,<br><br>           Plaintiff,<br><br>      v.<br><br>SETH M. WILLIAMS, et al.,<br><br>           Defendants. | Civil Action 05-01102 (HHK) |

MEMORANDUM OPINION AND ORDER

Before the court is plaintiff Valerie Kline's motion for reconsideration of its August 8, 2006, order (#23) dismissing her complaint for lack of personal jurisdiction. Kline argues that the court erred in its memorandum opinion (#22) by misconstruing language in the District of Columbia's long-arm statute, D.C. CODE ANN. § 13-423. Kline also requests in the alternative that this action be transferred to the United States District Court for the District of Maryland, where she resides. Upon consideration of Kline's motion and the record of this case, the court denies the motion.

I.  DISCUSSION

A.   The District of Columbia's Long-Arm Statute

As set forth more fully in the court's prior opinion, Kline has not met her prima facie burden of showing personal jurisdiction in the District of Columbia over defendants. To satisfy the District of Columbia's long-arm statute, Kline must make a prima facie showing that: (1) she suffered tortiuous injury in the District of Columbia; (2) the injury was caused by defendants'

acts or omissions outside the District of Columbia; and (3) one of three "plus factors" enumerated in the statute exists as to defendants. *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Kline has satisfied the first two prongs of this test, but the court has concluded that Kline failed to make a prima facie showing of any "plus factor" and that therefore personal jurisdiction over defendants is lacking. *See* Mem. & Op. [#22], at 5.

As to the third prong, Kline argues that the court erred in construing one of the "plus factors"—a "persistent course of conduct . . . in the District of Columbia," D.C. CODE ANN. § 13-423(a)(4)—to require that a defendant's conduct take place *in* the District in order for jurisdiction to exist. Instead, Kline argues, a "persistent course of conduct aimed *at the district* should suffice." Pl.'s Mot. for Recons. at 2. The court is not persuaded. The language is clear, and it requires conduct "in" the District. D.C. CODE ANN. § 13-423(a)(4); *see also Tavoulareas v. Commas*, 720 F.2d 192, 194 (conduct must take place in the District); *Burman v. Phoenix Worldwide Industries, Inc.*, 437 F. Supp. 2d 142 (D.D.C. 2006) (1,326 phone calls to the District of Columbia does not constitute a persistent course of conduct in the District for purposes of the statute).[1]

B. **Kline's Request to Transfer**

---

[1] The case to which Kline cites to support her argument, *Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001), does not assist her. As Kline recognizes, the language she quotes from *Inamed* (which originally appeared in the United States Supreme Court's decision in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)) addresses commercial activities, rather than tortious private conduct. Moreover, *Inamed* addresses California's long-arm statute, which is more expansive than that of the District of Columbia. *Compare* D.C. CODE ANN. § 13-423 *with* CAL. CIV. PROC. CODE § 410.10; *see also Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987) (noting that the D.C. statute does not "occupy all of the constitutionally available space."). In any case, the language Kline cites arises—in both *Inamed* and *Burger King*—out of an inquiry into the limits of due process, rather than into the narrower coverage of a long-arm statute such as the one at play here.

Kline requests in the alternative that this action be transferred to the United States District Court for the District of Maryland, where she resides. The court declines to do so, as it does not appear from the facts alleged by Kline that personal jurisdiction could be asserted in that court.

The Maryland long-arm statute is similar to that of the District of Columbia. In pertinent part, it provides:

> A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1)  Transacts any business or performs any character of work or service in the State;
> (2)  Contracts to supply goods, food, services, or manufactured products in the State;
> (3)  Causes tortious injury in the State by an act or omission in the State;
> (4)  Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State . . . .

MD. CODE ANN., CTS. & JUD. PROC., § 6-103(b). The statute also provides for the incorporation of electronic information and computer programs into the statutory scheme. Section 6-103(c)(2) states that "[t]he provisions of this section apply to computer information and computer programs in the same manner as they apply to goods and services."[2]

The contours of personal jurisdiction are defined by two limiting factors: the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. While

---

[2]  The statute incorporates the terms "computer information" and "computer program" from the Maryland commercial code. MD. CODE ANN., CTS. & JUD. PROC., § 6-103(c)(1). The former is defined as "information in electronic form which is obtained from or through the use of a computer or which is in a form capable of being processed by a computer. The term includes a copy of the information and any documentation or packaging associated with the copy." MD. CODE ANN., COMM. LAW, § 22-102(a)(10). The latter is defined as "a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result. The term does not include separately identifiable informational content." *Id.* at § 22-102(a)(12).

various courts have frequently stated that the Maryland statute is co-extensive with the limits of due process, *see Androutsos v. Fairfax Hosp.*, 323 Md. 634, 637, 594 A.2d 574 (1991); *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002), the Maryland Court of Appeals has recently clarified that courts may not therefore "simply dispense with analysis under the long-arm statute." *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 & n.6, 892 A.2d 479 (2006); *see also Dring v. Sullivan*, 423 F. Supp. 2d 540, 544-45 (D. Md. 2006) (discussing *Mackey*'s clarification of the analysis). Rather, "there remains a two-step process: (a) statutory interpretation, and if the statute is satisfied, (b) an analysis of due process." *Christian Book Distribs., Inc. v. Great Christian Books, Inc.*, 137 Md. App. 367, 393, 768 A.2d 719 (2001); *see also Mackey*, 391 Md. at 129-30, 141 n.6 (stating that "[f]irst, the requirements under the long-arm statute must be satisfied, and second, the exercise of jurisdiction must comport with due process" and that "we interpret the long-arm statute to the limits permitted by the Due Process Clause when we can do so consistently with the canons of statutory construction."); *Krashes v. White*, 275 Md. 549, 559, 341 A.2d 798 (1975) ("Perhaps fact situations will arise which will be deemed outside the scope of the Maryland 'long-arm' statute, although there may be a constitutional basis for jurisdiction over the nonresident defendant."); *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 118-19 n.2 (D. Md. 1995) ("[A] more correct understanding of [the statute] is that to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process

clause.").[3]

An analysis of the statute reveals that this action could not have been brought in the District of Maryland. Kline points to subsection 6-103(b)(1), which provides that personal jurisdiction is proper where a party "[t]ransacts any business or performs any character of work or service in the State," and to 6-103(c), which states that the statute applies to computer information and programs in the same manner as it applies to "services," to argue that defendants' alleged creation of a series of derogatory web pages directed at Kline in Maryland constituted the "perform[ance of] work or service in the State." Pl.'s Mot. For Recons. at 3-4. The statutory language does not support this interpretation. Subsection (b)(1) is directed at business transactions and other work-related activities conducted *in* the State of Maryland, whether computer-related or not. Thus, for computer-related activities to fall within the subsection, they—like other services— either must be performed in Maryland or, perhaps, must so approximate physical presence in Maryland that they can be said to have taken place there.

The more relevant subsection of the long-arm statute is subsection (b)(4), which deals with torts committed outside of Maryland. That provision, like its counterpart in the District of Columbia's statute, states that jurisdiction will exist over a person if that person "regularly does

---

[3] The court is aware of decisions wherein Maryland courts have asserted jurisdiction over actions arising from out-of-state conduct and have reached their decisions via single-step "merged" inquiries solely into the limits of due process. *See, e.g., Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362 (D. Md. 2004) (conducting only a "merged" due process inquiry and finding jurisdiction over a company that published a website with a domain name similar to a Maryland competitor's website, which site directed Internet traffic to the defendant's own commercial website); *see also ALS Scan*, 293 F.3d at 710-15 (conducting a single due process inquiry and finding no jurisdiction over an Internet service provider that hosted a third-party website). To the extent these decisions find jurisdiction in circumstances not covered by the language of the long-arm statute, the court rejects them as inconsistent with Maryland law as articulated in *Mackey*.

or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State . . . ." And as the court previously concluded as to the District of Columbia, Kline has not made a prima facie showing of any such facts related to Maryland. She has not alleged that defendants do business in Maryland, that they have engaged in any persistent course of conduct in Maryland, or that they derive substantial revenue, via electronic means or otherwise, from products, goods or services used in Maryland. Absent such a showing, jurisdiction does not exist. *See Dring*, 423 F. Supp. 2d at 544-47 (out-of-state defendant directing an allegedly defamatory e-mail at a Maryland resident was not subject to personal jurisdiction under the long-arm statute).

## II. CONCLUSION

For the aforementioned reasons, the court concludes that its prior decision was proper, and that it cannot transfer this action to the District of Maryland. Accordingly, it is this 14th day of September, 2006, hereby

**ORDERED** that the motion for reconsideration (#24) is **DENIED**.

>Henry H. Kennedy, Jr.
>United States District Court Judge