U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Valerie Kline, *pro se*

        Plaintiff

v.   Case No. 1:05CV01102 (HHK)

Seth M. Williams, *et al.*

        Defendant(s)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION TO REOPEN

On August 8, 2006, the Court dismissed this case because it found that it did not have jurisdiction. On September 29, 2006, Plaintiff appealed this Court's ruling to the U. S. Court of Appeals for the District of Columbia, Case No. 06-7156. On September 25, 2007, the U. S. Court of Appeals for the District of Columbia affirmed this Court's ruling.

Pursuant to Rule 60 of the Fed. Rules Civ. Proc., Plaintiff requests that the Court reopen this case due to newly discovered evidence and for the express purpose of transferring this case to the U.S. District Court for the District of Maryland where the court has jurisdiction based on the newly discovered information.

Rule 60(b) states in pertinent part:

\* \* \* \* \*

    (b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC.
    On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) <u>newly discovered evidence</u> which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment

upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. [Emphasis added.]

* * * * *

Since this case never went to trial but was dismissed because the Court found that it did not have jurisdiction, Rule 59(b) does not apply. Therefore, Plaintiff submits that this Court may reopen this case for good cause shown.

On October 28, 2007, Plaintiff engaged in a conversation with Scott Jurgrau, of Montgomery Co. Maryland, who informed Plaintiff that he met Steven and Anne LaLonde during approximately the summer of 2004 while the LaLondes were vacationing in Maryland. Mr. Jurgrau told Plaintiff that Steven LaLonde had bicycle repair business and that Steven and Anne LaLonde came to his home located in Montgomery County, Maryland, and while there, Steven LaLonde made repairs to Mrs. Lora Jurgrau's bicycle.

Since Steven and Anne LaLonde have conducted business in the State of Maryland, the State of Maryland would have jurisdiction in this case pursuant to Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, which is similar to the District's long-arm statute.

Therefore, in the interests of justice, judicial economy and fairness, Plaintiff requests that the Court reopen this case for the purpose of transferring it to the U.S. District Court for the District of Maryland. Plaintiff also requests a hearing on this mater.

Respectfully submitted

Valerie Kline
Box 321
Lothian, MD 20711
(301) 509-2684

## AFFIDAVIT OF VALERIE KLINE

1. On October 28, 2007, I had a conversation with Mr. Scott Jurgrau of Montgomery Co., Maryland, in the evening around approximately 7 p.m. to 8 p.m.

2. During this conversation, Mr. Scott Jurgrau informed me that Steven and Anne LaLonde came to his house around the summer of 2004.

3. Mr. Scott Jurgrau further informed me that Steven LaLonde had a bicycle repair business and made repairs to a bicycle owned by his wife, Mrs. Lora Jurgrau.

### Certification

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true and correct to the best of my knowledge, information and belief.

_____   11/7/07
Valerie Kline                    Date

CERTIFICATE OF SERVICE

I certify that I sent via regular mail on November 7, 2007, a copy of Motion to Reopen to:

Seth M. Williams
P.O. Box 122
1229 Pennsylvania Avenue
Winthrop Harbor, IL 60096

Estate of Steven C. La Londe
P. O. Box 117
11390 S. 4th Street
Solon Springs, WI 54873

Anne (Markey) La Londe
P. O. Box 117
11390 S. 4th Street
Solon Springs, WI 54873

Respectfully submitted,

Valerie Kline
P. O. Box 321
Lothian, MD 20711
(301) 509-2684