UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE KLINE,

    Plaintiff,

v.

SETH M. WILLIAMS, *et al.*,

    Defendants.

Civil Action No. 05-01102 (HHK)

**MEMORANDUM OPINION AND ORDER**
(April 25, 2012)

Plaintiff Valerie Kline commenced this action *pro se* on May 27, 2005. The case was dismissed on August 8, 2006 and the dismissal was affirmed on November 26, 2007. Currently before the Court is Plaintiff's [32] Motion to Seal Documents Containing Protected Information ("Motion to Seal"), filed on April 19, 2012. Plaintiff's Motion to Seal shall be DENIED WITHOUT PREJUDICE.

**LEGAL STANDARD**

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)) (notations in original). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). Six factors are generally considered when determining whether a movant has shown sufficiently compelling circumstances to overcome the presumption in favor of public access: (1) the need for

public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22.

## DISCUSSION

Plaintiff's [32] Motion to Seal consists of a single paragraph:

> Plaintiff Valerie Kline, pro se, filed documents in this case that should have been sealed because they contained protected information and should not be available for public viewing. Specifically, Plaintiff submits that documents filed under Docket Entry Nos. 1, 24 and 29 contain protected information and should be sealed. Therefore, Plaintiff requests that this Court grant the attached proposed Order for sealing these documents.

Pl.'s Mot. to Seal at 1. Plaintiff's cursory "motion," to the extent it can even be characterized as such, is woefully insufficient to overcome the strong presumption in favor of public access to judicial proceedings. Moreover, no motion to seal was filed at the time Plaintiff filed her pleadings on the public docket. To the extent Plaintiff believes all or part of the referenced documents should be maintained under seal, she must address each of the *Hubbard* factors and correlate those factors to specific information in the referenced documents. Among other things, Plaintiff must explain why sealing is appropriate at this advanced date, when all the referenced documents have been available to the public for a minimum of five years and five months.

/

/

/

## CONCLUSION AND ORDER

For the reasons set forth above, it is, this 25th day of April, 2012, hereby

**ORDERED** that Plaintiff's [32] Motion to Seal is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Plaintiff at her address of record.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
*Sitting as the Motions Judge under Local Civil Rule 40.8*